PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYQUAN JOHNSON,

       Plaintiff,

    -v-

ROCHESTER  POLICE  DEPARTMENT,
OFFICER #2279,

       Defendants.

17-CV-6490CJS
ORDER

## INTRODUCTION

Plaintiff, Tyquan Johnson, a prisoner confined at the Clinton Correctional Facility, filed this action *pro se* seeking relief under 42 U.S.C. § 1983. Docket No. 1. Before the Court is Plaintiff's Amended Complaint ("Amended Complaint"). Docket No. 5. Plaintiff alleges that he was subjected to excessive force, false arrest, harassment, unreasonable search and seizure, defamation, and that he was deprived of due process, as more particularly set forth in the Complaint. For the reasons explained below, Plaintiff's excessive force claims may proceed to service, while the remaining claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) for failure to state a claim on which relief may be granted.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189

F.3d 284, 287 (2d Cir. 1999).  While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

**Plaintiff's Allegations**

Plaintiff alleges that on March 9, 2016 he was "illegally stopped, harassed, chased then beat[en] by Officer #2279 & several other officers."  Amended Complaint, p. 5. Specifically, Johnson alleges that as he walked "in the South Avenue area", Officer #2279 pulled alongside and shouted for him to stop. *Id.*  Plaintiff continued walking, and ran when the Officer exited his vehicle.  Plaintiff stopped among a group of people standing

nearby and pulled out his phone. When he observed several officers approach, "I stopped and lay flat on my stomach with my hands out" and inquired why he was being chased. *Id.* "Before I could finish ask[ing] my question I was kicked in the back of my head" and punched and "kicked from everywhere." Plaintiff was treated at a hospital and given a leg brace. *Id.* at 6. Plaintiff alleges that he was charged with a Robbery which he did not commit, that he was held in custody for "several days" and that seven months later the charges were dismissed. *Id.* at 7. He presents claims of "false arrest, excessive force, due process, harassment, search & seizure, [assassination] of character." *Id.*

## Plaintiff's Claims

A police officer's "application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Maxwell v City of New York*, 380 F3d 106, 108 (2d Cir 2004) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Plaintiff's allegations of excessive force, presumed true at this stage of the proceedings, are sufficient to warrant service and an answer.

## False Arrest

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted). Under New York law, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Id.* Justification may be established by showing that there was probable cause to arrest, and thus probable cause "is a complete

defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Id.*

> In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers or may require a trial if the facts are in dispute.

*Weyant*, 101 F.3d. at 852. (internal citations omitted). It is incumbent upon Plaintiff to plead and demonstrate the lack of probable cause. *See, e.g., Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Here, while Plaintiff alleges the charges were dismissed after seven months, his claim fails because he has not alleged facts sufficient to support an inference that there was no probable cause for the arrest. Plaintiff provides no information concerning the nature of or basis for the dismissal, nor of the proceedings which required seven months to effectuate that dismissal. Plaintiff has set forth no factual allegations which would give rise to an inference that he was arrested without probable cause. Therefore, this claim must be dismissed with prejudice.

**Defamation**

Plaintiff claims that Defendants "beat me then [assassinated] my character by placing me all over the news with someone I never even set eyes on." The Court generously construes this to raise a claim of defamation. "Defamation by a state actor does not amount to a deprivation of liberty or property within the meaning of the Fourteenth Amendment, unless accompanied by some interest other than mere loss of reputation." *Balentine v. Tremblay*, 554 Fed. App'x 58, 60 (2d Cir. 2014) (Summary

Order) (citing *Paul v. Davis*, 424 U.S. 693, 711 (1976)) (internal quotation marks omitted). To establish the so-called "stigma plus," a plaintiff must allege two elements: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," plus (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal citations and quotation marks omitted).  Plaintiff has failed to set forth any allegations which would support "stigma-plus," and thus his defamation claim must be dismissed with prejudice.

## Other Claims

The Court can discern no basis for Plaintiff's claims of "due process, harassment, search & seizure" beyond the excessive force claims which are going forward and the false arrest claims which are dismissed with prejudice.  To the extent that Plaintiff intended these to raise additional, distinct claims, they are therefore dismissed with prejudice.

## Officer #2279

In his Complaint, Plaintiff lists as Defendant Officer #2279 who was involved in his arrest on March 9, 2016.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the City of Rochester Corporation Counsel's Office ascertain the full name of this John Doe Defendant Plaintiff seeks to sue.  The City of Rochester Corporation Counsel's Office is also requested to provide the address where the Defendant can currently be served.  The City of Rochester Corporation Counsel's Office need not undertake to defend or indemnify this individual at this juncture.  This

Order merely provides a means by which Plaintiff may name and properly serve the Defendant as instructed by the Second Circuit in *Valentin*.

The City of Rochester Corporation Counsel's Office is hereby requested to produce the information specified above regarding the identities of the John Doe Defendant by 35 days from the date of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendant in place of Officer #22279 and service is directed.

**Defendant Rochester Police Dept.**

While Plaintiff has named the Rochester Police Department as a Defendant to this action, the real party in interest is the City of Rochester. The Court will therefore substitute the City of Rochester in place of the originally named Defendant, the Rochester Police Department. *See Warren v. Westchester County Jail*, 106 F.Supp.2d 559, 561 n. 1 (S.D.N.Y. 2000) (noting that in prisoner's section 1983 action, the correct defendant is Westchester County, not Westchester County Jail); *see generally Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 421 (2d Cir. 2015) (discussing substitution of the real party in interest).

**ORDER**

IT IS HEREBY ORDERED that all false arrest, due process and defamation claims are dismissed with prejudice;

FURTHER, that the Clerk of Court is directed to substitute the City of Rochester as Defendant in place of the Rochester Police Department;

FURTHER, that the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, Complaint and this Order upon the City of

Rochester, and Defendant Officer #2279, once identified, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g), the Defendants are directed to respond to the Complaint.

SO ORDERED.

_Charles Siragusa_
Charles J. Siragusa
United States District Judge

DATED: _MAR 20_____, 2018
~~Buffalo, NY~~
ROCHESTER, NY